IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CLACKAMAS COUNTY ASSESSOR, )
)
      Plaintiff, )   TC-MD 120165C
)
  v. )
)
PARKER DEVELOPMENT NW INC., )
)
      Defendant. )   **DECISION**

Plaintiff Clackamas County Assessor filed a Complaint with this court seeking an increase in the real market value (RMV) of certain real property identified in the assessor's records as Account 05004830 for the 2011-12 tax year. The court held an uncontested trial by telephone December 3, 2012, following the court's issuance of an Order on September 24, 2012, denying Plaintiff's Motion for Default because, although Defendant failed to timely respond to Plaintiff's Complaint, Plaintiff's Complaint lacked the necessary competent evidence to carry the requisite burden of proof. The court's June 15, 2012, and its September 24, 2012, Orders are incorporated herein by reference. Plaintiff was represented at the December 3, 2012, trial by Matt Healy (Healy), Senior Appraiser, Clackamas County Assessor's office.

Plaintiff's Exhibit 1 was admitted into evidence at trial.

## I. STATEMENT OF FACTS

The subject property is a vacant 0.45 acre undeveloped residential homesite lot in an exclusive gated community in West Linn, located within a 24 lot subdivision known as Le Chevalier. (Ptf's Ex 1 at 4.) Lots in that subdivision are between approximately one-half acre and one and one-half acres in size. (*Id*.) Twenty of the 24 lots in that subdivision have been developed. (*Id*.) The remaining four are vacant; one of four vacant lots was listed for sale at the time of trial. (*Id*.)

The owner of the subject property, Defendant Parker Development NW Inc., appealed the RMV of the land to the Clackamas County Board of Property Tax Appeals (Board) and the Board issued an order on or about March 1, 2012, reducing the RMV from $451,202 to $235,000. (Ptf's Compl at 2.) In its Complaint, Plaintiff requested an increase in the RMV to the $451,202 value originally placed on the property by the assessor's office prior to the Board's reduction. (*Id.* at 1.)

Plaintiff, by and through its representative Healy, submitted a 19-page summary appraisal report with a written narrative description of the subject property, photographs of the subject, comparables used in Plaintiff's appraisal, various maps showing the relevant portion of the subdivision plat drawing, an aerial view of the subject subdivision, a sales comparison grid, and a fairly detailed two page narrative explaining adjustments Plaintiff made to its comparables. (Ptf's Ex 1.) Healy, who has 11-plus years of appraisal experience with the Clackamas County Assessor's office (April 2001 – December 2012) and eight years of experience as an independent fee appraiser, concluded that the "sales comparison approach is considered the only reliable indicator of the subject's market value and indicates a market value for the subject of $400,000 as of 1/1/2011." (*Id.* at 18-19.)

At trial, Healy testified that he had essentially two comparables, one of which (#2) is located adjacent to the subject property, and the other (# 1) located on the same block about seven lots away from the subject property. (*See also* Ptf's Ex 1 at 8-10.) Healy's comparable number one sold in March 2010 for $460,000. (*Id.* at 10.) Healy made adjustments for differences in size, topography, and view, and, with net adjustments of $23,538 (negative), arrived at an adjusted sale price for that property of $436,462. (*Id.*) Healy's comparable number three is the same property as his comparable number one, but represents a "current" listing for that property of $600,000. Healy applied a negative ten percent adjustment ($60,000) to the list

price because he felt that represented the upper end of the value range for that property, and a positive 11 percent adjustment ($66,000) to account for changes in market conditions, for a net market adjustment of minus $6,000. (*Id*.) Healy testified, and his report reflects, that his comparable sale number two, which is located immediately adjacent to the subject property, "was given the most weight as it is located next to the subject and required fewer adjustments." (*Id*. at 13.) Healy's adjusted sale price for comparable number two is $399,154. (*Id.* at 10.) Healy concluded that the sales of comparables one and two, and the current listing of comparable number one (set out as comparable #3 in his appraisal) "supports a value estimate for the subject of $400,000." (*Id.* at 10, 13.)

## II. ANALYSIS

RMV is defined by statute as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." ORS 308.205(1).[1] The assessment date for the 2011-12 tax year was January 1, 2011. *See generally* ORS 308.007.

Plaintiff bears the burden of proof which, by statute, is a "preponderance" of the evidence. ORS 305.427. This court has previously stated that a preponderance of the evidence means "the greater weight of evidence, the more convincing evidence." *Yarborough v. Department of Revenue*, TC 5075, WL 4094875 *3 (Sept 18, 2012) (citing *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971)).

Plaintiff complied with the applicable administrative rule, which requires that consideration be given to the three approaches to value (income, cost, and sales comparison), though they need not all be used. OAR 150-308.205-(A)(2)(a); *see also Allen v. Dept. of Rev.*,

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2009.

17 OTR 248, 252 (2003); *Gangle v. Dept. of Rev.*, 13 OTR 343, 345 (1995). Ultimately, Plaintiff concluded that the sales comparison approach was the only reliable indicator of value for the subject; Healy concluded that the cost approach was inapplicable because there are no improvements to the land, and the income approach was inapplicable because "vacant residential land is generally not leased or used to generate income." (Ptf's Ex 1 at 11, 18); *See Pacific Power & Light Co. v. Dept. of Revenue.*, 286 Or 529, 533, 596 P2d 912 (1979) (ruling that "whether in any given assessment one [valuation] approach should be used exclusive of the others or is preferable to another or to a combination of approaches is a question of fact to be determined by the court upon the record").

"Under the sales comparison approach, the value of a property is derived by 'comparing the subject property with similar properties, called comparable sales.' That comparison is based on many factors, and adjustments are made for any differences between the comparable sales and the subject property so that the appraiser can derive a value for the subject property." *Magno v. Dept. of Rev.*, 19 OTR 51, 58 (2006) (citations omitted); *see also* OAR 150-308.250-(A)(2)(c) ("In utilizing the sales comparison approach only actual market transactions of property comparable to the subject, or adjusted to be comparable, will be used.").

The court finds that Plaintiff presented persuasive evidence that the RMV of the subject property, as of January 1, 2011, was $400,000. Plaintiff's comparables are in the same neighborhood as the subject and were adjusted for differences between those sales and the subject property. Because this was an uncontested trial following motion for default, no evidence was presented by or on behalf of the property owner. The greater weight of the evidence before the court supports an increase in RMV to $400,000. This number deviates from the $451,202 RMV pleaded in the Complaint, but the legislature has given the court the

/ / /

authority "to determine the real market value or correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties." ORS 305.412.

### III. CONCLUSION

The court concludes that, for the 2011-12 tax year, the real market value of the subject property, Account 05004830, should be increased from $235,000 to $400,000. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Default is denied.

IT IS THE FURTHER DECISION OF THIS COURT that Plaintiff's appeal is granted in part, with the real market value of property identified as Account 05004830 increased to $400,000 for the 2011-12 tax year, as set forth above.

Dated this ____ day of December 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on December 7, 2012. The Court filed and entered this document on December 7, 2012.*